UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Curtis Lee Ferguson,<br><br>　　　　Defendant. | Case No. 23-cr-203 (SRN/TNL)<br><br>**ORDER** |

Esther Soria Mignanelli and Raphael Coburn, Assistant United States Attorneys, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, and Ben Tonkin, Trial Attorney, United States Department of Justice, 1301 New York Avenue Northwest, Washington, D.C. 20005, for Plaintiff.

Aaron J. Morrison and Matthew Deates, Assistant Federal Defenders, Office of the Federal Defender, 300 South Fourth Street, Suite 107, Minneapolis, MN 55415, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

　　This matter is before the Court on Defendant Curtis Lee Ferguson's Motion to Dismiss the Indictment ("Motion") [Doc. No. 78]. Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court respectfully denies Mr. Ferguson's Motion.

## I.　BACKGROUND

　　Mr. Ferguson is charged by Indictment with two counts of being a Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8) ("Indictment") [Doc. No. 34]. The Indictment alleges that Mr. Ferguson has three prior

1

felony convictions—a 2012 Fifth Degree Controlled Substance Conviction, a 2015 Second Degree Assault Conviction, and a 2021 Domestic Assault conviction. (*Id.* at 2–3.) Count One of the Indictment alleges that between on or about May 16, 2019, and on or about November 7, 2019, knowing that he had been convicted of at least one crime punishable by a term of imprisonment exceeding on year, Mr. Ferguson knowingly possessed, in and affecting interstate commerce, a firearm. (*Id.* at 2.) Count Two alleges that on or about January 4, 2023, again knowing that he had been convicted of at least one crime punishable by a term of imprisonment exceeding on year, Mr. Ferguson knowingly possessed, in and affecting interstate commerce, a firearm. (*Id.* at 3.)

## II.   DISCUSSION

Mr. Ferguson moves the Court to dismiss the Indictment on Second Amendment grounds under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). He argues that both counts of the Indictment must be dismissed because they are based on an unconstitutional statute. In Mr. Ferguson's view, the Supreme Court's holding in *Bruen* renders 18 U.S.C. § 922(g)(1) unconstitutional, both facially and as applied to him.

In *United States v. Jackson*, 69 F.4th 495 (8th Cir. 2023), a defendant with two prior felony convictions for drug sales was convicted by a jury of unlawful possession of a firearm in violation of § 922(g)(1). The defendant appealed the constitutionality of the verdict under § 922(g)(1) as applied to the facts of his case, in light of the Supreme Court's decision in *Bruen*. The Eighth Circuit, reviewing *Bruen*, held that the decision "did not disturb . . . or cast doubt" on "longstanding prohibitions on the possession of firearms by felons." *Id.* at 501–02 (citing *Bruen*, 597 U.S.; and *District of Columbia v. Heller*, 554 U.S.

2

570 (2008)). The panel then concluded that § 922(g)(1) was constitutional as applied to the defendant "and other convicted felons", because the law "is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 502 (quoting *Bruen*, 597 U.S. at 17).

Shortly after *Jackson*, the Eighth Circuit again reviewed a constitutional challenge to § 922(g)(1) by a twice-convicted felon charged with the unlawful possession of a firearm. *United States v. Cunningham*, 70 F.4th 502, 506 (8th Cir. 2023). The Eighth Circuit in *Cunningham*, citing *Jackson*, found that the defendant's challenge was foreclosed by its previous decision. The Eighth Circuit then held that § 922(g)(1) is facially constitutional, and that the district court below had properly denied the defendant's motion to dismiss.

Again, in December of this year, the Eighth Circuit reviewed a case where a defendant challenged the constitutionality of § 922(g)(1) under *Bruen*, both facially and as applied to him. *United States v. Doss*, No. 22-3662, 2023 WL 8299064 (8th Cir. Dec. 1, 2023). The Eighth Circuit, referencing *Jackson* and *Cunningham*, observed that "[a]lthough the law in this area is still in flux, we have already rejected this argument in two recent cases." *Id.* at *1. Noting that *Cunningham* held § 922(g)(1) to be facially constitutional and that *Jackson* cut off as applied challenges to the statute, the Eighth Circuit found that the two cases together "spell the end for [the defendant's] constitutional challenge." *Id.* at *1.

This Court is bound by the decisions of the Eighth Circuit, in the absence of a controlling Supreme Court decision to the contrary. *See Calzone v. Summers*, 942 F.3d 415, 426 n.8 (8th Cir. 2019) (Stras, J. concurring). This Court has recently found "the

3

constitutionality of § 922(g)(1) solidly confirmed in this Circuit" in the aftermath of *Bruen*, and the Eighth Circuit's most recent decision in *Doss* underscores that point. *See United States v. Andrews*, No. 18-cr-149, 2023 WL 4974766, at *13 (D. Minn. Aug. 3, 2023). That the Court is unable to afford the relief requested is not contested; indeed, Mr. Ferguson "acknowledges [his] argument is foreclosed by *United States v. Jackson*." (Motion at 1–2.) Nonetheless, Mr. Ferguson filed the present Motion "to preserve the issue for further review in light of the rapid developments across the country in this crucial area of Second Amendment jurisprudence." (*Id.* at 2.) Accordingly, while Mr. Ferguson's argument is preserved, it is also foreclosed by the law that binds this Court.

### III.  ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that the Defendant's Motion to Dismiss the Indictment [Doc. No. 78] is respectfully **DENIED.**

Dated: December 18, 2023            /s/ Susan Richard Nelson
                                                                SUSAN RICHARD NELSON
                                                                United States District Judge