UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Curtis Lee Ferguson,<br><br>Defendant. | Case No. 23-cr-203 (SRN/TNL)<br><br>**ORDER** |

Esther Soria Mignanelli and Raphael Coburn, Assistant United States Attorneys, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

Aaron J. Morrison and Matthew Deates, Assistant Federal Defenders, Office of the Federal Defender, 300 South Fourth Street, Suite 107, Minneapolis, MN 55415, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant Curtis Lee Ferguson's unopposed Motion to Continue Trial ("Continuance Motion") [Doc. No. 96]. Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court grants Mr. Ferguson's motion.

**I.    BACKGROUND**

Mr. Ferguson was charged by federal indictment on May 31, 2023. (Indictment [Doc. No. 34].) The parties litigated a number of pretrial motions through the summer and fall months of 2023, and the matter is now scheduled for a jury trial on January 16, 2024. (*See* October 16, 2023 Trial Notice [Doc. No. 64].)

1

On January 3, 2024, the Court held a final pretrial conference with the parties. (January 3, 2024 Minute Entry [Doc. No. 92].) At that hearing, the Court heard argument on additional pretrial motions and motions *in limine* raised by both parties, including Mr. Ferguson's motion to exclude evidence as a sanction for alleged discovery and *Brady*[1] violations [Doc. No. 86], and Mr. Ferguson's oral motion to dismiss the indictment for alleged *Brady* violations. (*Id.*) The Court denied the motion to dismiss, deferred ruling on the motion to exclude evidence, and ordered the Government to immediately disclose to Mr. Ferguson all requested discovery. (*Id.*) After ruling on the motions, the Court advised counsel for Mr. Ferguson that it would entertain a continuance to provide the defense sufficient time to review the additional discovery. Mr. Ferguson, through counsel, informed the Court that he was not requesting a continuance at that time or waiving his right to a speedy trial.

On January 8, 2024, Mr. Ferguson filed a motion to continue the trial date. (Continuance Motion.) He informed the Court that, pursuant to the Court's orders, the Government had produced approximately 256 gigabytes of materials since January 3, 2024. (*Id.*) Mr. Ferguson indicated that his counsel would need additional time to review and investigate the recently disclosed discovery, and that his counsel intends to file a *Daubert* motion challenging the Government's use of DNA evidence at trial. (*Id.*) On January 9, 2024, he filed a Statement of Facts in Support of Exclusion of Time Under the Speedy Trial

---

[1]   *See Brady v. Maryland*, 373 U.S. 83 (1963) (establishing the government's obligation in a criminal prosecution to disclose any evidence favorable to the defendant under the Due Process Clause of the Fourteenth Amendment).

Act ("Statement of Facts") [Doc. No. 99]. Mr. Ferguson requested that the next 100 days be excluded from the Court's computation of time to bring his case to trial under the Speedy Trial Act. (*Id.*) He advised that he discussed the matter with his attorney, and that he was making the request voluntarily and with full knowledge of his speedy trial rights. (*Id.*)

On January 9, 2024, after receiving Mr. Ferguson's Statement of Facts, the Court held a conference call with counsel for both parties to discuss scheduling. The parties agreed to set the case for trial on April 2, 2024, which falls within Mr. Ferguson's 100-day waiver of time under the Speedy Trial Act.

## II.   DISCUSSION

The Speedy Trial Act provides that for any case in which a defendant has pled "not guilty," a trial must commence within 70 days from the later of 1) the filing date of the indictment, or 2) the date of the defendant's initial appearance before a judicial officer of the court where the charges are pending. 18 U.S.C. § 3161(c)(1). Periods of delay shall be excluded from computing the time within which a trial must commence only in certain circumstances set forward under the Act. 18 U.S.C. § 3161(h). For example, the Court must exclude:

> Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

No such period of delay is excludable unless the Court sets forward its reasons for its findings. *Id*. The Speedy Trial Act sets forward a number of factors that the Court must

3

consider in determining whether the ends of justice served by granting a continuance outweigh the best interests of the public and the defendant in a speedy trial:

    i.    Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

    ii.    Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

    iii.    Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

    iv.    Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i)–(iv).

    In this case, based on the representations of the parties, the Court finds that the ends of justice served by granting a continuance do outweigh the best interests of the public and of the defendant in a speedy trial. The Court has considered each of the factors set forward in the Speedy Trial Act, and finds that they weigh in favor of excluding the time requested by the parties from the Court's computation of time under the Act. Specifically, the Court finds that failing to grant such a continuance would likely result in a miscarriage of justice, and would deny counsel for Mr. Ferguson the reasonable time necessary for effective

preparation. In addition, the Court is persuaded that Mr. Ferguson fully understands his rights under the Speedy Trial Act, and has made a knowing and voluntary waiver of those rights by seeking this continuance.

The Court accordingly grants Mr. Ferguson's motion, and sets his trial for April 2, 2023. All time between now and April 2, 2023 will be excluded from the Court's computation of time to bring the case to trial under the Speedy Trial Act.

### III.   ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Mr. Ferguson's unopposed Motion to Continue Trial [Doc. No. 96] is **GRANTED**.

2. All deadlines in this case are continued to April 2, 2023, and the resulting period of delay shall be excluded from the computation of time to bring a trial under the Speedy Trial Act.

3. The trial setting for January 16, 2024 is canceled. The parties shall appear for trial on **Tuesday, April 2, 2024**. A new trial notice and final pretrial order will follow.

Dated: January 9, 2024            /s/ Susan Richard Nelson
                                  SUSAN RICHARD NELSON
                                  United States District Judge