UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Curtis Lee Ferguson,<br><br>Defendant. | Case No. 23-cr-203 (SRN/TNL)<br><br>**ORDER** |

Esther Soria Mignanelli and Raphael Coburn, Assistant United States Attorneys, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415 for the Government.

Aaron J. Morrison, Assistant Federal Defender, Office of the Federal Defender, 300 South Fourth Street, Suite 107, Minneapolis, MN 55415, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant Curtis Ferguson's Motion to Revoke the Magistrate Judge's Order [Doc. No. 110] denying Defendant's motion to reconsider detention ("Motion to Reconsider") [Doc. No. 112]. The Government filed a Response ("Response") [Doc. No. 114] opposing the Motion to Reconsider. On February 8, 2024, this Court held a hearing on the motion [Doc. No. 115]. For the reasons below, the Court denies the Motion to Reconsider.

I.   BACKGROUND

On April 28, 2023, the Government charged Ferguson by complaint with four counts of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1)

1

and 924(a)(2) [Doc. No. 2]. On May 11, 2023, this matter came before Magistrate Judge Dulce J. Foster for a detention hearing on the Government's motion pursuant to 18 U.S.C. § 3142(f)(1)(E) [Doc. No. 29]. Judge Foster granted the Government's motion and granted an Order of Detention [Doc. No. 33]. In the Order of Detention, Judge Foster found that the Government had met its burden to show that Mr. Ferguson presented a danger to the community due to his three prior violent offenses and his commission of the charged offense while under court supervision. (*Id*. at 2.)

Mr. Ferguson was subsequently charged by Indictment with two counts of being a Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8) ("Indictment") [Doc. No. 34]. On December 20, 2021, the Court granted Defendant's Motion to Dismiss Count 1 of that Indictment. The Indictment now alleges that on or about January 4, 2023, knowing that he had been convicted of at least one crime punishable by a term of imprisonment exceeding one year, Mr. Ferguson knowingly possessed, in and affecting interstate commerce, a firearm. (*Id*. at 3.)

On January 5, 2024, Mr. Ferguson moved the Court to reconsider his pretrial detention, requesting release based on (1) a change of circumstances pursuant to 18 U.S.C. § 3142(f); and (2) temporary release pursuant to 18 U.S.C. § 3142(i) [Doc. No. 94]. Mr. Ferguson attached, as an exhibit to his motion, certain treatment records from the Sherburne County Jail, which indicate that, since May 26, 2023, he has been participating in five different psychotherapy groups, as well as biweekly individual therapy [Doc. No. 94-1, Ex. A]. The Government opposed this motion [Doc. No. 105]. On January 18, 2024, Magistrate Judge Tony N. Leung denied Defendant's motion [Doc. No. 110].

2

On January 29, 2024, Mr. Ferguson moved this Court to revoke Judge Leung's decision to deny his pretrial release, pursuant to 18 U.S.C. § 3145(b). The Court considers Defendant's motion de novo.

## II.  DISCUSSION

Mr. Ferguson argues that based on new, material information of his participation in mental health treatment programming at Sherburne County Jail, the Court could impose conditions of release that would reasonably ensure the safety of the community if Mr. Ferguson is released. See 18 U.S.C. § 3142(c)(1). The Government argues that Mr. Ferguson's participation in mental health programming does not materially change the Court's previous analysis favoring detention. As this Court ruled at the February 8, 2024 hearing, while Mr. Ferguson's participation in mental-health programming is both laudable and encouraged, participation alone is insufficient to change this Court's analysis under the Bail Reform Act's factors. Therefore, the Court denies Mr. Ferguson's motion.

### A.  Legal Standard

When making a detention determination under 18 U.S.C. § 3142, courts consider: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community, and the risk of flight, which the defendant's release would pose. 18 U.S.C. 3142(g). Under § 3142(f), a detention hearing may be reopened if the Court determines that there is information, unknown to the movant at the time of the prior hearing, that has a "material bearing" on the issue of whether

there are conditions of release that will assure the defendant's appearance in court and the safety of the community.

**B.     Analysis**

While the Court acknowledges and lauds Mr. Ferguson's efforts to engage in mental health programming while incarcerated at the Sherburne County Jail, and strongly encourages him to continue his participation in this vital programming, the Court finds that the new evidence of Mr. Ferguson's participation is insufficient to demonstrate that there are conditions of release that will assure the safety of the community.

Concerning the nature and circumstances of the offense charged, the Court considers a number of factors, including whether the offense involves a firearm. 18 U.S.C. § 3142(g)(1). Here, Mr. Ferguson's alleged offense necessarily involved a firearm.

Concerning Mr. Ferguson's history and characteristics, and the nature and seriousness of the danger to any person or to the community, the Court looks to—among other issues—prior convictions if any, and whether at the time of the current offense the person was on probation or other type of community supervision. 18 U.S.C. § 3142(g)(3). In this case, Mr. Ferguson has previously been convicted of three violent offenses, in 2015, 2020, and 2021. (Doc. No. 105 at 4-5.) Moreover, during the pendency of the case in which Mr. Ferguson was convicted in 2015, he repeatedly violated a related order of protection such that a 50-year no-contact order was enacted. *See* Order for Protection [Doc. No. 114, Ex. 2].

The Court takes notice of the letter from mental healthcare providers at the Sherburne County Jail that was submitted to the Court confirming Mr. Ferguson's

4

attendance at several group therapy programs as well as individual therapy [Doc. No. 94, Ex. 1]. However, while the letter confirms Mr. Ferguson's attendance, it does not demonstrate any qualitative assessment of whether that therapy has been effective at mitigating the danger to the community posed by Mr. Ferguson, nor does the Court have any other evidence on this point. Moreover, as noted by the Government, Mr. Ferguson has previously been ordered to attend similar therapy following his previous convictions for violent offenses, in 2016 and in 2021. *See* 2016 and 2021 Conditions of Release [Doc. No. 114, Ex. 3]. Despite that therapy, Mr. Ferguson engaged in further violent criminal conduct. His participation in group and individual therapy alone is insufficient to demonstrate that these risks have abated.

### III.   ORDER

Accordingly, **IT IS HEREBY ORDERED** that the Defendant's Motion to Reconsider [Doc. No. 112] is **DENIED.**


Dated: February 13, 2024                           /s/ Susan Richard Nelson
                                                   SUSAN RICHARD NELSON
                                                   United States District Judge