UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Curtis Lee Ferguson,<br><br>Defendant. | Case No. 23-cr-203 (SRN/TNL)<br><br><br>**ORDER** |

Esther Soria Mignanelli and Raphael Coburn, Assistant United States Attorneys, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, for the Government.

Aaron J. Morrison and Matthew Deates, Assistant Federal Defenders, Office of the Federal Defender, 300 South Fourth Street, Suite 107, Minneapolis, MN 55415, for the Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Government's Motion in Limine to Preclude Improper Cross Examination. ("Motion" [Doc. No. 134].) Mr. Ferguson has filed a response opposing the Motion. ("Response" [Doc. No. 136].) Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court grants the Government's Motion.

**I.      BACKGROUND**

Mr. Ferguson was charged by a federal indictment on May 31, 2023. (Indictment [Doc. No. 34].) The Indictment alleges that Mr. Ferguson unlawfully possessed a firearm after he was convicted of three separate felonies: (1) a 2012 Fifth Degree Controlled

1

Substance Conviction; (2) a 2015 Second Degree Assault Conviction; and (3) a 2021 Domestic Assault conviction. (*Id*. at 2–3.) The matter is set for trial on May 6, 2024. (*See* January 18, 2024 Trial Notice [Doc. No. 109].)

The events underlying the Indictment stem from a search of a residence that Minneapolis police executed on January 4, 2023. A firearm and ammunition, which Mr. Ferguson is now charged with possessing, was recovered during the search. Mr. Ferguson was present in the house when the police arrived, and was arrested on the scene. Mr. Ferguson's brother, Isaiah Ferguson, was also present in the house during the search and was arrested alongside Mr. Ferguson. The parties agree that one of the Government's noticed trial witnesses, Minneapolis Police Officer Kristopher Dauble, interviewed Isaiah Ferguson on January 6, 2023. (*See* Motion; Response.) During that interview, Officer Dauble asked Isaiah Ferguson if he knew about the gun recovered in the house. In response, Isaiah Ferguson "remained silent for a few seconds" (Motion at 1), and then invoked his constitutional right to counsel. It is undisputed that it would have been unlawful for Isaiah Ferguson to possess the recovered firearm.

The Government seeks to preclude the Defense from asking Officer Dauble questions about his January 6, 2023 interview with Isaiah Ferguson during cross-examination. The Government argues that Isaiah Ferguson's pause and invocation of his privilege in response to the question is inadmissible hearsay, and that regardless testimony about it should be barred under Federal Rule of Evidence 403. (Motion at 3.) Mr. Ferguson

2

responds that his brother's reaction is not hearsay, and that alternatively it is admissible as an exception to the rule against hearsay. (Response at 3.)

## II.     ANALYSIS

### A.     Isaiah Ferguson's Response to Officer Dauble's Question is Inadmissible Hearsay

An out of court statement, offered in evidence to prove the truth of the matter asserted, is hearsay. Fed. R. Evid. 801(c). Hearsay is generally barred by the rules of evidence, absent a specific exception in the Constitution, a federal statute, or rules themselves. Fed. R. Evid. 802; *United States v. Aungie*, 4 F.4th 638, 646 (8th Cir. 2021). Nonverbal conduct, including silence in response to a question, may be considered a statement subject to hearsay rules when it is offered in evidence to prove the truth of the matter asserted. *United States v. Kenyon*, 481 F.3d 1054, 1065 (8th Cir. 2007). Such silence can only be attributable as a statement when the natural response to the question would be to deny it if untrue. *Id*. (*citing Rahn v. Hawkins*, 464 F.3d 813, 821 (8th Cir. 2006)).

In this case, the natural response to Officer Dauble's question about the recovered firearm, if Isaiah Ferguson had not known about it, would have been to deny knowledge. Mr. Ferguson seeks to offer his brother's refusal to speak in response to the question as evidence that his brother—and not himself—had been in possession of the weapon.[1] The

---

[1]     Isaiah Ferguson's response (or lack thereof) is only relevant to the charge in this case to the extent that it supports an inference of his own possession. Thus, Mr. Ferguson's alternative argument, that Officer Dauble's question is offered for its effect on the listener and that the response is offered as evidence of Isaiah Ferguson's then existing mental state (Response at 3–4), fails on relevancy grounds. *See* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").

Court finds that Isaiah Ferguson's refusal to speak and assertion of his privilege in response to Officer Dauble's questioning constitutes a statement for the purposes of the hearsay rules. It is asserted to prove the truth of the negative inference, and is accordingly inadmissible absent some applicable exception.

Mr. Ferguson argues that his brother's refusal to speak and assertion of his privilege in response to questioning is admissible as a statement against interest. A declarant's out of court statement, that is "so contrary to the declarant's proprietary or pecuniary interest" that a reasonable person in the declarant's position would only make such a statement believing it to be true, may be admissible as an exception to the rule against hearsay when the declarant is unavailable to testify in court. Fed. R. Evid. 804(b)(3)(A). Setting aside whether Isaiah Ferguson is actually unavailable,[2] the Court finds that his invocation of his constitutional right to remain silent and to have counsel present is not a statement against his interest. It cannot be, because a reasonable person would not expect the invocation of constitutional rights to result in pecuniary consequences. The Supreme Court in *Doyle v. Ohio* explained as much, observing that "while it is true that the *Miranda* warnings contain no express assurance that silence will carry no penalty, such assurance is implicit to any person who receives the warnings." 426 U.S. 610, 618 (1976); *see also Dansby v. Hobbs*, 766 F.3d 809, 820 (8th Cir. 2014) (analyzing *Doyle*'s holding that silence and the assertion of constitutional rights must "carry no penalty").

---

[2]   The Defense advises that Isaiah Ferguson would assert his Fifth Amendment right to remain silent if called to testify in this case. Nevertheless, he remains on Mr. Ferguson's witness list for trial [Doc. No. 89]. The Court assumes, without finding, that Isaiah Ferguson is unavailable to testify for the purpose of the hearsay analysis.

4

Because Isaiah Ferguson's response to Officer Dauble's question is hearsay without an applicable exception, it must be excluded from the evidence offered at trial.

### B. Isaiah Ferguson's Response to Officer Dauble's Question is Inadmissible Under Rules 401 and 403

Even were the Court to agree with Mr. Ferguson that Isaiah Ferguson's response is not hearsay, the Court would still exclude the question and response. Evidence is only relevant when it has a tendency to make a fact of consequence in determining the outcome of the trial more or less probable. Fed. R. Evid. 401. The Court may exclude evidence that is relevant and otherwise admissible, when its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury. Fed. R. Evid. 403. The Eighth Circuit has held that when defendants try to help their case with an inference from another witness's invocation of their Fifth Amendment privilege, such tactics implicate these rules. *United States v. Reyes*, 362 F.3d 536, 541 (8th Cir. 2004).

*Reyes* presented the question of whether a trial court should require a witness to appear and assert their Fifth Amendment privilege in front of a jury, so that the jury can draw an inference from their assertion. The Eighth Circuit, in affirming the trial court's refusal to allow the jury to know that the witness invoked their Fifth Amendment right to remain silent, observed that "very rarely" will Rule 401 and 403 "allow a party to argue inferences about a party's privilege invocation." *Id*. at 542. "A third party's privilege invocation is not often relevant. And even if the party seeking to argue the inference concocts a reason that the silence may be relevant, the danger of unfair prejudice usually

outweighs the probative value because there is no way the opponent can test the meaning attributed to the invocation." *Id*.

The law is clear that no party has a right to benefit from any inferences the jury may draw simply from a witness's assertion of Fifth Amendment privileges. *Id*. In addition to the Eighth Circuit's holding in *Reyes*, every federal circuit court of appeals to encounter the question has agreed on this point. *See, e.g.*, *United States v. Santiago*, 566 F.3d 65, 70 (1st Cir. 2009) ("No relevant rational inference can be drawn . . . because the privilege can be claimed by an innocent person."); *United States v. Rivas–Macias,* 537 F.3d 1271, 1275 n. 3 (10th Cir.2008) ("A jury may not draw any legitimate inferences from a witness' decision to exercise his Fifth Amendment privilege."); *United States v. Lacouture*, 495 F.2d 1237, 1240 (5th Cir. 1974) ("Neither side has the right to benefit from any inferences the jury may draw simply from the witness' assertion of the privilege either alone or in conjunction with questions that have been put to him.").

Accordingly, the Court finds that in this case, Isaiah Ferguson's invocation of his privilege is not relevant as to whether Mr. Ferguson possessed the firearm and ammunition recovered by Minneapolis police on January 4, 2023. Were his response relevant at all, it would be of such minimal probative value, that the Court finds it would be substantially outweighed by a danger of unfair prejudice and misleading the jury. The Court thus excludes the evidence on this basis as well.

## III.  ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that the Government's Motion in Limine to Preclude Improper Cross Examination [Doc. No. 134] is hereby **GRANTED**.

Dated: May 7, 2024                             /s/ Susan Richard Nelson
                                               SUSAN RICHARD NELSON
                                               United States District Judge